UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN C. NEWSOME, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) NO. 3:09 CV 92 JM |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

John C. Newsome, a *pro se* prisoner, is serving a 66-year sentence for rape, child molesting, and incest. *State v. Newsome*, No. 35C01-0203-FB-0023 (Huntington Sup. Ct. filed Mar. 29, 2002). He filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (DE 1.) In deciding the petition, the court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is Newsome's burden to rebut this presumption with clear and convincing evidence. *Id.*

In 2002, Newsome was charged in Huntington Superior Court with multiple sexual offenses involving his two daughters, whom he molested repeatedly over the course of several years beginning when they were approximately nine and twelve years old. *Newsome v. State*, 797 N.E.2d 293, 295-96 (Ind. App. Ct. 2003). Newsome's older daughter became pregnant when she was fifteen years old and gave birth to a baby girl. *Id.* at 296. The baby died when she was around three years old after numerous brain surgeries. *Id.* at n.1. Her remains were later exhumed and it was determined that the cause of death was a congenital brain defect more common in cases where the parents

are related. *Id.* DNA tests confirmed a 99.95 percent probability that Newsome was the baby's father. *Id.*

Following a jury trial, Newsome was convicted as charged. *Id.* at 296. The trial court sentenced him to an aggregate term of 66 years. *Id.* He appealed, arguing that the trial court abused its discretion in imposing the maximum sentence and erred in refusing to permit him to plead guilty to a portion of the charges on the day of trial. *Id.* at 295. The appellate court affirmed. *Id.* at 303. Newsome sought transfer to the Indiana Supreme Court, which was denied. (DE 10-2.)

On March 2, 2004, Newsome filed a state post-conviction petition, which he later withdrew, refiled, and then amended.[1] (DE 10-1 at 8.) In his amended *pro se* petition, Newsome alleged claims of ineffective assistance of counsel based on trial counsel's failure to: move to sever the charges; move for the appointment of experts to refute the state's DNA evidence; challenge the reliability of the DNA evidence; interview, depose, and subpoena witnesses; and object to the jury instructions. (DE 1-1; DE 12, Appellant's Appx. at 21-41.) The trial court determined that the case would be decided without an evidentiary hearing pursuant to Indiana Post-Conviction Rule 1(9)(b), and ordered that all evidence was to be submitted by a date certain. (DE 10-4 at 2; DE 12, Appellant's Appx. at 49.) The only evidence Newsome submitted in support of his petition was his

---

[1] After the original petition had been pending for approximately three years, Newsome, through the public defender, filed a motion to withdraw the petition, which was granted in June 2007. (DE 10-1 at 9.) Three months later, Newsome filed a *pro se* petition for post-conviction relief, which he then amended in February 2008. (DE 10-4; DE 12, Appellant's Appx. at 6-14, 21-41.)

own affidavit, which reiterated the legal arguments contained in his petition. (DE 10-6 at 18; DE 12, Appellant's Appx. at 50-54.) He did not provide the court with trial transcripts or other record evidence from which counsel's performance could be assessed. (DE 10-6 at 18.)

The trial court denied the petition, finding that Newsome failed to present any credible evidence to support his ineffective assistance claims. (*Id.*) Newsome appealed, arguing that the trial court abused its discretion in denying his petition without an evidentiary hearing and in rejecting his ineffective assistance claims. (DE 10-6 at 1-15.) The Indiana Court of Appeals affirmed, concluding that Newsome had waived his argument regarding the evidentiary hearing by not developing it in accordance with Indiana Appellate Rules. *Newsome v. State*, No. 35A02-0805-PC-433 (Ind. Ct. App. Nov. 10, 2008), slip op. at 4. The appellate court affirmed the trial court's conclusion that Newsome failed to show that he received ineffective assistance of counsel based on the evidence submitted. *Id.* at 5. Newsome filed a petition to transfer to the Indiana Supreme Court, which was denied. (DE 10-5; DE 10-9.)

On March 3, 2009, Newsome filed this federal petition raising the five grounds of ineffective assistance of trial counsel alleged in his state post-conviction petition. (DE 1.) The petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court can grant an application for habeas relief if it meets the requirements of 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim---
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is premised on concerns of comity; the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The companion procedural default doctrine precludes a federal court from reaching the merits of a claim when: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground; or (2) the claim was not presented to the state courts and the time for doing so has passed. *Id.*; *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). A procedurally defaulted claim cannot be reviewed on the merits unless the petitioner can establish cause and prejudice for the default, or can show that the court's refusal to consider the claim would result in a fundamental

4

miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

As an initial matter, Newsome has filed a "Motion for Stay and Abeyance," asking the court to stay this petition while he goes back to state court to raise a new claim premised on the Supreme Court's decision in *Melendez-Diaz v. Massachusetts*, —U.S.—, 129 S. Ct. 2527 (2009). (DE 15.) In that case, the Supreme Court held that the defendant's Sixth Amendment Confrontation Clause rights were violated when the state introduced a certificate of analysis showing that a substance found in his car tested positive as cocaine, without giving him an opportunity to cross-examine the individual who prepared the certificate. *Melendez-Diaz*, 129 S. Ct. at 2530. It appears Newsome wishes to raise a claim based on *Melendez-Diaz* in connection with the admission of the DNA evidence at his trial.[2] (*See* DE 15 at 3.)

The court has discretion to stay a "mixed" petition—one containing both exhausted and unexhausted claims—to allow the petitioner time to exhaust the unexhausted claims in state court, and when he has completed this process he can then "return to federal court for review of his perfected petition." *Rhines v. Weber*, 544 U.S.

---

[2] The trial transcripts are not before this court, and so it cannot be determined with certainty whether the DNA evidence in Newsome's case was admitted through a certificate or through live testimony. It appears from Newsome's filings that there was live testimony. (*See* DE 1-1 at 5-7; *see also* DE 12, Appellant's Appx. at 51-52 ("Had counsel filed for the funds to hire a private DNA expert the expert would have certainly informed the court that the expert from the Molecular Pathology Laboratory was incorrect in the findings testified to at trial.") In such a case, the holding of *Melendez-Diaz* would be entirely inapplicable. Assuming the case applies, a claim based on *Melendez-Diaz* would fail in any event for the reasons explained herein.

5

269, 271 (2005). Here, however, Newsome has not filed a "mixed" petition, because his petition does not contain any unexhausted claims. Instead, his petition contains five ineffective assistance of counsel claims that were already raised in state court. (DE 1 at 1-10; DE 12, Appellant's Appx. at 21-41.) The claim Newsome wishes to assert based on a violation of his Confrontation Clause rights is not contained in his petition and is entirely new. Thus, the stay and abeyance procedure applicable to mixed petitions is not available here.

Even assuming the procedure were available to Newsome,[3] a stay should not be granted if the unexhausted claim is "plainly meritless." *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). Here, Newsome could not prevail on a claim based on *Melendez-Diaz* in a successive state post-conviction petition because *Melendez-Diaz* does not apply retroactively to cases on collateral review. *See Teague v. Lane*, 489 U.S. 288 (1989); *see also United States v. Alexander*, No. 2:04-CR-71, 2010 WL 404072, at *5 (N.D. Ind. Jan. 25, 2010) (*Melendez-Diaz* does not apply retroactively to cases on collateral review); *Carrillo v.*

---

[3] Theoretically, Newsome could move for leave to amend his petition to add this unexhausted claim, but such action would be futile here. Any new claim sought to be raised at this stage would be time-barred because more than a year has passed since Newsome's conviction became final, and *Melendez-Diaz* did not create a new constitutional right made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d). Under rare circumstances, a petitioner may amend his federal petition to include a new claim even after the statute of limitations has run, where the claim can be said to "relate back" to the claims contained in the timely filed petition. *Mayle v. Felix*, 545 U.S. 644, 656-67 (2005). This doctrine is narrowly applied. *See id.* at 660-61. Here, a claim based on the Confrontation Clause would not relate back to the timely filed petition, because the facts pertaining to this claim are distinct from the facts relevant to the claims contained in the petition. *See id.* at 661.

*United States*, No. 09-C-5796, 2009 WL 4675798, at *2 n.2 (N.D. Ill. Dec. 3, 2009) (same). For these reasons, a stay would not be appropriate in this case. Accordingly, the court turns to the merits.

The Respondent argues that because Newsome had the burden of establishing that he was entitled to post-conviction relief, his failure to present any credible evidence in support of his claims warranted the denial of his post-conviction petition. (DE 11 at 6-7.) Newsome acknowledges that he "failed to present any evidence" to the post-conviction court, including failing to provide the trial transcripts.[4] (DE 16 at 1.) Under Indiana law, the trial transcript and other trial records must be admitted into evidence just like any other exhibit to be considered by the post-conviction court. *Bahm v. State*, 789 N.E.2d 50, 58 (Ind. App. Ct. 2003). The Indiana Supreme Court has observed that it is "practically impossible to gauge the performance of trial counsel without the trial record." *Tapia v. State*, 753 N.E.2d 581, 587 n.10 (Ind. 2001). Given the lack of evidence from which the post-conviction court could assess Newsome's ineffective assistance claims, he has not shown that the state court's adjudication of his claims involved an unreasonable determination of the facts. Nor has he shown that the court's adjudication involved an unreasonable application of Supreme Court case law.

---

[4] The court notes that Newsome did not file a traverse in support of his petition even though he was given an opportunity to do so. Instead he filed a motion for stay and abeyance and a document objecting to the Respondent's request to be excused from producing the entire state court record. (*See* DE 15, 16.) In the latter document, Newsome addresses the Respondent's arguments about his failure to provide an evidentiary basis for his ineffective assistance claims in state court. (*See* DE 16.)

7

Newsome has not identified any Supreme Court case, nor is this court aware of one, holding that a petitioner should prevail on a claim of ineffective assistance when he does not provide any evidentiary support for his claim.

Newsome suggests that his failure to submit the trial transcripts and other evidence in support of his claim should be excused because of his *pro se* status. (DE 16 at 1-2.) As a general matter, a litigant's *pro se* status or ignorance of the law does not excuse the failure to comply with applicable rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules . . . should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) ("As we have repeatedly held, even *pro se* litigants must follow procedural rules. . . ."). Regardless, Newsome did not argue in state court that he was unable to obtain the trial transcripts or that his failure to do so should be excused; instead he ignored the issue and argued the underlying merits of his claims. (*See* DE 10-6; DE 10-9.) Principles of comity preclude the court from reaching this claim in the first instance. *See Boerckel*, 526 U.S. at 845.

Newsome also appears to ask this court to conduct its own review of the trial record and determine whether his rights were violated. (DE 16 at 1-2.) However, as the Seventh Circuit recently reiterated, "[U]nder AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo*, 590 F.3d 533, 536 (7th Cir. 2010).

Newsome may also be attempting to challenge the post-conviction court's decision not to hold an evidentiary hearing before denying his petition. (*See* DE 16 at 1-2). Apart from the fact that Newsome did not raise any such claim in his federal petition, the state appellate court determined that Newsome waived this claim. *Newsome*, No. 35A02-0805-PC-433, slip op. at 4. A finding of waiver by the state court precludes review on the merits by a federal habeas court, and Newsome has not provided the court with any basis to excuse the waiver. *See Sturgeon v. Chandler*, 552 F.3d 604, 611 (7th Cir. 2009). Accordingly, the court does not reach this claim on the merits.

For these reasons, the court:

(1) **DENIES** Newsome's motion for stay and abeyance (DE 15);

(2) **GRANTS** the Respondent's motion for relief from the order to produce the entire state court record (DE 14); and

(3) **DENIES** the petition (DE 1).

                                            **SO ORDERED.**

Date: February 17, 2010

                                            s/James T. Moody
                                            JUDGE JAMES T. MOODY
                                            UNITED STATES DISTRICT COURT